**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DONLEY B. BRATSCH,**
    **Plaintiff,**

vs.                                           **Case No.: 3:05cv76/RS/MD**

**JOHN E. POTTER, Postmaster General,**
**United States Postal Service,**
    **Defendant.**
_____

## REPORT AND RECOMMENDATION

This case filed pursuant to Title VII of the Civil Rights Act of 1964[1] and Section 504 of the Rehabilitation Act[2] (*see* doc. 1, p. 4; doc. 4), is now before the court upon defendant's motion to dismiss or, in the alternative, for summary judgment. (Doc. 11). The *pro se* plaintiff did not respond to the motion. On January 6, 2006 the court

---

[1]**The Civil Rights Act of 1964, § 717, as amended, 42 U.S.C. § 2000e-16, prohibits the United States Postal Service from discriminating against employees on the basis of race, color, religion, sex, or national origin:**

> **All personnel actions affecting employees or applicants for employment . . . in the United States Postal Service . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin.**

**42 U.S.C. § 2000e-16(a).**

[2]**The Rehabilitation Act of 1973, § 504, as amended, 29 U.S.C. 794(a), prohibits the United States Postal Service from discriminating against employees on the basis of a disability:**

> **No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity conducted by . . . the United States Postal Service.**

**As explained in *Doe v. Garrett*, 903 F.2d 1455, 1459 (11th Cir. 1990), Section 504 of the Rehabilitation Act is commonly known as "Section 794(a)" due to the section designation in the original legislation.**

entered an order advising the parties that defendant's motion was construed as one for summary judgment and would be deemed "submitted" on January 17, 2006. The order further advised the parties of importance and ramifications of Rule 56 summary judgment consideration, and allowed them 10 days to submit any relevant evidence and argument in support or opposition to the motion. (Doc. 16). Neither party has filed additional argument or Rule 56 materials. Upon review, it is the opinion of the undersigned that defendant's motion should be granted.

## UNDISPUTED MATERIAL FACTS[3]

Plaintiff is employed by defendant as a Flat Sorter Machine Operator at the Pensacola, Florida Processing and Distribution Center. (*See* Doc. 4, p. 1; Doc. 11, Roth Aff. ¶ 3 and Ex. 1). On April 11, 2003 plaintiff contacted an EEO counselor claiming that he was discriminated against on the basis of his hearing impairment disability when defendant failed to provide an interpreter for him at a program/event held on April 10, 2003. (*See* Doc. 4, Attach. Statement of Facts; Doc. 11, Roth Aff. ¶ 4 and Ex. 2). On May 27, 2003 plaintiff filed a formal complaint of discrimination based on the same claim. (Doc. 11, Roth Aff. ¶ 5 and Ex. 3). On June 10, 2003 plaintiff's complaint of discrimination was accepted by the United States Postal Service ("USPS") for investigation. (*Id.*, ¶ 6 and Ex. 4). On July 29, 2003 the completed investigative file was transmitted to plaintiff. (*Id.*, ¶ 7 and Ex. 5). Plaintiff was notified of the opportunity to request either a hearing before an EEOC Administrative Judge or a final agency decision without a hearing. On August 26, 2003 plaintiff, through his representative, requested a final agency decision without a hearing. (*Id.*, ¶ 8 and Ex. 6).

---

[3]The court conveys as facts those set forth in defendant's statement of undisputed material facts (doc. 12), as well as those factual allegations of plaintiff's verified amended complaint, including attachments (doc. 4), and defendant's affidavit in support of his motion for summary judgment, including attachments (doc. 11) which comply with the requirements for affidavits specified in Rule 56--that they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P. 56(e); *see, e.g., Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir. 1980); *Murrell v. Bennett*, 615 F.2d 306, 310 n. 5 (5th Cir. 1980).

On February 2, 2004 the USPS issued a final agency decision on plaintiff's complaint, finding that no discrimination occurred. (*Id.*, ¶ 9 and Ex. 7). The decision stated that if plaintiff was dissatisfied with the final agency decision, he could file a civil action in an appropriate United State District Court within 90 calendar days of his receipt of the decision. (*Id.*, Ex. 7, p. 6). The decision further advised plaintiff that in lieu of filing a civil action, he could appeal the final agency decision to the Equal Employment Opportunity Commission ("EEOC"), but that if plaintiff chose to appeal to the EEOC he had to do so within 30 calendar days of his receipt of the final agency decision. The decision specifically stated that "[f]ailure to appear within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented the filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC." (*Id.*). In a letter to the EEOC Office of Federal Operations ("EEOC OFO") dated May 14, 2004, plaintiff communicated his desire to appeal the USPS' final decision. (*Id.*, Ex. 8). Thereafter, he filed a Notice of Appeal form with the EEOC OFO dated May 18, 2004. (*Id.*, ¶ 10 and Ex. 8). On September 14, 2004 the EEOC dismissed plaintiff's appeal as untimely filed. (*Id.*, ¶ 11 and Ex. 9). The EEOC denied plaintiff's request for reconsideration on November 29, 2004. (*Id.*, ¶¶ 12 & 13, and Exs. 10 & 11; Doc. 4, Attach.).

Plaintiff commenced the instant action on March 3, 2005 by filing a complaint. (Doc. 1).[4] He filed an amended complaint, pursuant to court order, on April 14, 2005. (Doc. 4).[5] Plaintiff's sole claim is that on April 10, 2003 defendant discriminated against him on the basis of his disability (hearing impairment) when defendant failed to provide reasonable accommodations (an interpreter) to enable plaintiff to "fully

---

[4]Defendant asserts that plaintiff filed this action on May 18, 2005 (doc. 11, p. 3); however, the court takes judicial notice of its own records which reflect plaintiff's original complaint being filed on March 2, 2005.

[5]On March 16, 2005 the court entered an order directing plaintiff to submit an amended complaint which provided essential information which was missing from his original complaint. (Doc. 3).

participate" in an employee recognition event. (*Id.*, p. 2 and Attach. Statement of Facts).

Defendant asserts that this action should be dismissed under Rule 12(b) or, alternatively, that summary judgment should be granted in his favor because, upon receipt of the USPS' final agency decision, plaintiff failed to file either an appeal to the EEOC OFO within 30 days of receipt of the decision, or a civil action in federal district court within 90 days of receipt of the decision. Instead, he allowed both time periods to expire before making his election. Thus, defendant urges this court to find that plaintiff failed to exhaust his administrative remedies, and that such failure deprives the court of jurisdiction to entertain this action. In support of his motion, defendant has submitted the affidavit of Sandra Roth which includes the administrative record.[6] Plaintiff has not responded to defendant's motion. Based on the record and for the reasons that follow, the court concludes that plaintiff failed to exhaust administrative remedies in a timely fashion, and that judgment in favor of the defendant should be granted.[7]

## LEGAL STANDARDS

### Rule 12(b)(1), FED.R.CIV.P.

The court has the power to dismiss a case under Rule 12(b)(1), FED.R.CIV.P. where subject matter jurisdiction is at issue, even though the issue is factually based. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir 1990) (holding that Rule 12(b)(1) consideration is appropriate in a factual attack on the court's jurisdiction where the attack does not implicate an element of the cause of action); *see, e.g.,*

---

[6] Ms. Roth is employed by the United States Postal Service as Acting Manager, EEO Compliance and Appeals, EEO Appeals Office for the Southeast Area. In this position, she maintains records with regard to all EEO files relating to charges of race, color, religion, national original, sex, age, handicap or reprisal discrimination filed by employees in the Southeast Area, which includes the State of Florida. (Doc. 11, Roth Aff. ¶ 1).

[7] In the alternative, defendant contends plaintiff's complaint should be dismissed because he failed to file a civil suit in federal district court within 90 days of receipt of the EEOC OFO's denial of his request for reconsideration of the EEOC OFO's dismissal of his administrative appeal. The court need not reach this issue, as this case is subject to dismissal on defendant's first ground - that plaintiff failed to make a timely election of either pursuing an administrative appeal or filing a civil action in federal court, upon receipt of the USPS' final agency decision.

*Case No: 3:05cv76/RS/MD*

*Lapar v. Potter*, 395 F.Supp.2d 1152, 1157-59 (M.D. Fla. 2005) (analyzing the issue of administrative exhaustion under Rule 12(b)(1), FED.R.CIV.P., as a factual attack on jurisdiction). The court may consider evidence outside the pleadings to determine its jurisdiction. *Lawrence v. Dunbar*, 919 F.2d at 1528-29; *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 (11th Cir. 1982); *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1979) (holding that a district court has the power to dismiss a case for lack of subject-matter jurisdiction on any one of three bases: the complaint alone; the complaint supplemented by undisputed facts evidenced in the record; or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts); *Lapar v. Potter*, 395 F.Supp.2d at 1158-59.[8]

**Rule 12(b)(6), FED.R.CIV.P.**

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must take all well-pleaded facts of the complaint as true and construe them in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. *See Leal v. Georgia Dep't of Corrections.*, 254 F.3d 1276, 1280 (11th Cir. 2001); *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

As stated in Rule 12(b), if, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

---

[8]Under this analysis, the court need not construe defendant's motion as one for summary judgment. The Eleventh Circuit instructs district courts to apply the standard for summary judgment motions under FED.R.CIV.P. 56 when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction when the existence of subject matter jurisdiction is inextricably intertwined with material facts affecting the merits of the claim. *Bennett v. United States*, 102 F.3d 486, 488 n. 1 (11th Cir. 1996); *Green v. Hill*, 954 F.2d 694, 697-98 (11th Cir.), *withdrawn and superseded in part on reh'g*, 968 F.2d 1098 (11th Cir. 1992). That is not the case here.

*Case No: 3:05cv76/RS/MD*

**Rule 56, FED.R.CIV.P.**

In order to prevail on a motion for summary judgment, the moving party (defendant in this case) must show that plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If the defendant successfully negates an essential element of plaintiff's case, the burden shifts to the plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.*

In order for plaintiff to meet his burden, he may not rest upon the mere allegations or denials of his pleading; rather, he must produce affidavits or other summary judgment materials which "set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis added).[9] Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997)("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"), *cert. denied*, 522 U.S. 1126 (1998) (quoting *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994). When faced with a motion for summary judgment, while a court must view the evidence in the light most

---

[9] A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Id.* Accord *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). Further, plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)).

favorable to the non-moving party, the non-moving party still bears the burden of coming forward with sufficient evidence of every element that he must prove. *Celotex Corp.*, 477 U.S. 317 (1986).

Additionally, as the parties in this case were advised, (doc. 10, pp. 7 & 8), the Local Rules require that a party opposing a motion for summary judgment file and serve a statement of the material facts as to which it is contended there exists a genuine issue to be tried. N.D. FLA. LOC. R. 56.1(A). Unless the material facts set forth in the moving party's statement are controverted by a statement filed by the opposing party, such facts will be deemed admitted.

## DISCUSSION

The remedy for claims of employment discrimination by federal employees under Title VII is provided by 42 U.S.C. § 2000e-16(a)-(e). *See Brown v. General Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Those same statutory provisions apply when an aggrieved employee brings a disability discrimination claim against the United States government under the Rehabilitation Act. 29 U.S.C. § 794a(a). Accordingly, a federal employee may file suit in federal district court alleging that unlawful discrimination has occurred. *See* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1). However, a federal employee must exhaust all administrative remedies before bringing suit. *Brown*, 425 U.S. at 832-33; *Grier v. Secretary of the Army*, 799 F.2d 721, 724 (11th Cir. 1986) ("Before an aggrieved employee may seek relief through the filing of a civil action in federal court, § 717(c) [of Title VII] requires that he or she must first seek relief in the agency that has allegedly engaged in discrimination"); *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990) (holding that federal employees raising private actions under the Rehabilitation Act of 1973 must fulfill Title VII's administrative exhaustion requirements before proceeding to federal court); *Prewitt v. United States Postal Serv.*, 662 F.2d 292, 302-04 (5th Cir. Unit A, November 1981) (same);[10] *Sanchez v.*

---

[10] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981 as binding precedent.

*Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970) (holding that "the filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII."). A federal employee's failure to follow these administrative procedures and to adhere to the stated deadlines is a ground for dismissal of his action. *Grier v. Secretary of the Army*, 799 F.2d at 724 (holding that failure to exhaust administrative remedies barred suit and warranted dismissal); *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986). Regardless of whether the administrative exhaustion deadlines are considered jurisdictional prerequisites or non-jurisdictional requirements similar to a statute of limitations,[11] defendant's motion is due to be granted.

The relevant administrative regulations require that an employee first bring his complaint or grievance to the federal agency's EEO counselor within 45 days of the alleged act of discrimination. *See* 29 C.F.R. § 1614.105(a). Once the employee contacts his EEO counselor, he must undergo a counseling period, and, if the dispute cannot be resolved, the counselor must inform the employee within 30 days after the initial contact of his right to file a formal complaint with the agency. 29 C.F.R. § 1614.105(d). Once the employee has received such notice, he has 15 days to follow through with his formal complaint. 29 C.F.R. § 1614.106(b). In this case,

---

[11]*Compare Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986) (referring to exhaustion of administrative remedies as a jurisdictional requirement), *and Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979) (affirming dismissal of Title VII action for want of jurisdiction where plaintiff failed to comply with the time period contained in s 2000e-5(e)), *and Lapar v. Potter*, 395 F.Supp.2d at 1159 ("exhaustion of [a plaintiff's] administrative remedies is a jurisdictional requirement for Plaintiff to proceed under sections 501 and 504 of the Rehabilitation Act"), *with Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132-1133, 71 L.Ed.2d 234, 243-44 (1982) (holding that the requirement of 42 U.S.C. §2000e-5(e) that a claimant alleging sex discrimination file "a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to sue in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."), *and Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir. 1994) (same as to Title VII plaintiff alleging discrimination on basis of race), *and Washington v. Ball*, 890 F.2d 413, 414 (11th Cir. 1989) (Title 42 U.S.C. § 2000e-16(c)'s requirement that federal employee filing civil action do so within thirty (now 90) days of the employee's receipt of notice of final agency action "is not a prerequisite to the district court's jurisdiction; the time limitation is similar to a statute of limitation and is subject to equitable tolling."), *and Miller v. Marsh*, 766 F.2d 490, 493 (11th Cir. 1985) (holding that the limitations period provided in 42 U.S.C. § 2000e-16(c) is not jurisdictional) *and Baker v. Peters*, 145 F.Supp.2d 1251 (M.D. Ala. 2000) ("The administrative exhaustion deadlines are not jurisdictional prerequisites to Title VII and ADA claims and therefore are subject to equitable modification by waiver, estoppel, and tolling.").

there appears to be no dispute that plaintiff timely filed his formal administrative complaint with the USPS in May of 2003.

After the agency has provided the employee with a copy of its investigative file, the employee has the opportunity to request either a hearing before an ALJ or a final agency decision without a hearing. 29 C.F.R. § 1614.108(f); 29 C.F.R. § 1614.110. When the employee requests a final agency decision without a hearing, as was done in this case, the employee has 30 days from receipt of the final decision in which to file an appeal with the EEOC. 29 C.F.R. § 1614.402. On behalf of the EEOC, the Office of Federal Operations (OFO) will review the appeal and issue a decision. 29 C.F.R. § 1614.405(a). If the employee does not file an appeal to the EEOC, the employee must file his civil action in an appropriate federal court within 90 days from receipt of the final agency decision. 29 C.F.R. § 1614.407. In this case, plaintiff used the EEOC's appellate procedure to appeal the USPS' February 2004 final decision.

As demonstrated by the administrative record, on his appeal form plaintiff stated that he received the final agency decision on February 2, 2004. (Doc. 11, Ex. 8). In order to be timely, plaintiff had to file his appeal with the EEOC no later than March 9, 2004. Plaintiff's appeal was not filed until May of 2004. (*Id.*, Ex. 8). Because plaintiff did not offer any justification for an extension of the applicable time limit for filing his appeal, the EEOC dismissed the appeal as untimely. (*Id.*, Ex. 9). Plaintiff's request for reconsideration was denied.

Based on the foregoing, the undersigned finds that defendant has successfully demonstrated to the court, by reference to materials on file, that plaintiff has failed to comply with the time limits set out in the administrative regulations, and thus, has failed to exhaust his administrative remedies as required by Title VII and the Rehabilitation Act. Plaintiff has failed to rebut. In fact, plaintiff attached to his amended complaint a copy of the EEOC's denial of his request for reconsideration, without disputing any of the factual assertions contained therein, without disputing that he failed to file his appeal to the EEOC in a timely manner, and without suggesting any circumstances which might warrant equitable modification

of the administrative exhaustion requirements. Accordingly, defendant's motion to dismiss or, in the alternative, for summary judgment should be granted, and judgment should be entered in favor of defendant Potter. *See Pucket v. Potter*, 342 F.Supp.2d 1056, 1065-66 (M.D. Ala. 2004) (granting motion to dismiss on claim which alleged harassment in violation of the Rehabilitation Act, where plaintiff did not raise the harassment claim in her appeal to the EEOC, did not raise the claim in her request for reconsideration of the EEOC's appellate decision, and did not file a lawsuit asserting her harassment claim within 90 days from the USPS' final decision); *Baker v. Peters*, 145 F.Supp.2d 1251 (M.D. Ala. 2000) (granting motion to dismiss or, in the alternative, for summary judgment after concluding that plaintiff failed to exhaust administrative remedies in a timely fashion when she failed to file a complaint with her agency within 15 days after receiving notice from her counselor of her right to do so); *see also Lapar v. Potter*, 395 F.Supp.2d at 1157-59 (dismissing Rehabilitation Act claim for lack of jurisdiction under Rule 12(b)(1) where plaintiff failed to exhaust her administrative remedies).

Accordingly it is respectfully RECOMMENDED:

1. That defendant's motion to dismiss or, in the alternative, for summary judgment (doc. 11) be GRANTED and that the clerk be directed to enter judgment in favor of the defendant and against the plaintiff.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of January, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**